**THE YOUNG MENS CHRISTIAN ASSOCIATION** (Columbus, Ohio), Tax Exemption, In re.

Board of Tax Appeals.

No. 40483.   Decided November 5, 1959.

**OPINION**

This cause and matter came on to be heard and considered by the Board of Tax Appeals upon an application filed herein by The Young

Mens Christian Association, Columbus, Ohio, for the exemption from taxation for the tax year 1959 of a parcel of real property in Columbus City Taxing District, Franklin County, Ohio, described as being Sublots 21 and 22 in Eastwood Addition, the same comprising 4.917 Acres of land on the east side of Woodland Avenue, a short distance north of East Long Street in said city and taxing district herein. The case was submitted to the Board on said application and the facts therein stated, and upon evidence offered and introduced on the hearing of the case before the Board.

Upon the case as thus submitted it appears that on or about November 2, 1955, The Young Mens Christian Association purchased the above described parcel of vacant and unimproved land as the site of a building to be thereafter constructed and erected thereon to serve the activities and purposes of an east side branch of the Young Mens Christian Association at this location. At the time of the hearing of this case in 1959, it appeared that no improvements of any kind had been made on and with respect to this property other than the occasional cutting of the weeds on the front part of the property and the erection of a sign indicating that this parcel of land is the site of The Young Mens Christian Association building to be erected thereon. Nothing had been done with respect to the building to be constructed thereon except that certain exploratory investigations have been made as to the space needed in a building at this location to serve the east side community, and as to the probable cost of such building.

In this situation the question before the Board of Tax Appeals is whether, on the facts of this case, it may legally consent to the exemption of the above described parcel of land for the tax year 1959, and to the remission of the taxes thereon for the tax year 1958 under the authority conferred upon the Board generally as to the exemption of property from taxation by the provisions of §§5703.02 and 5713.08 R. C. This depends upon the further question as to whether this parcel of land was entitled to exemption from taxation on tax lien dates for the tax years 1959 and 1958, respectively, upon the construction to be given to the applicable provisions of §5709.12 R. C., which statutory provisions were enacted pursuant to the authority given to the Legislature by **Section 2, Article XII, Ohio Constitution.** The above noted section of the Constitution provides, among other things, that general laws may be passed to exempt from taxation "institutions used exclusively for charitable purposes." The applicable provision of §5709.12 R. C., is that "Real and tangible personal property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation."

Although in the consideration of the question here presented we may assume that The Young Mens Christian Association, the applicant in this case, is a charitable institution within the compass of the decision of the Supreme Court in the case of **Goldman, a taxpayer v. The Young Mens Christian Association of Cincinnati, 158 Oh St 185,** the right of the applicant to have this property exempted from taxation and to have a remission of the back taxes thereon depends upon the question as to whether this property was used exclusively for charitable purposes upon the dates above indicated, rather than upon the fact that this

property is owned and held by a charitable institution. In the case of **Wehrle Foundation v. Evatt, Tax Commr.,** 141 Oh St 467, the court in construing the constitutional and statutory provisions relating to the exemption from taxation of charitable institutions held, as indicated by paragraph 4 of the court's decision in this case, as follows:

"While **Section 2, Article XII, Ohio Constitution,** authorizes the General Assembly to exempt institutions used exclusively for charitable purposes, such provision is not self-executing. The extent to which the General Assembly has acted under such authorization is to exempt property belonging to an institution provided such property is used exclusively for charitable purposes."

In considering questions relating to the exemption of property from taxation, it is well to bear in mind that "the basis of tax exemptions is the accomplishment of public purposes and not the favoring of particular persons or corporations at the expense of taxpayers generally" (State of Minnesota v. Ritschel, 220 Minn. 578, 168 A. L. R., 274). As to this it would seem to be quite obvious that the public interest or purpose, if any, served by the exemption from taxation of particular property would depend upon the present active use of such property for a tax exemptible purpose rather than by the mere ownership of the property by some person or institution although such owner might intend to use the property for such tax exemptible purpose at some future but indefinite time. In line with this thought it is noted that according to the orthodox and long recognized view of the Supreme Court of this state as to the exemption from taxation of privately owned property, real or personal, where the right of such property to exemption is conditioned on its use for a particular purpose, the use required for such exemption is a present use for the stated purpose at the time the application for the tax exemption of the property is made; and the prospective use of the property for an exemptible purpose does not warrant its present exemption from taxation. Jones, Treas., v. Conn et al, Trustees, 116 Oh St 1; The Incorporated Trustees of the Gospel Worker Society v. Evatt, Tax Commr., 140 Oh St 185; The Wehrle Foundation v. Evatt, Tax Commr., supra; The Ursuline Academy of Cleveland v. Board of Tax Appeals, 141 Oh St 563; Welfare Federation of Cleveland v. Glander, Tax Commr., 146 Oh St 146, 147 (syl. 4), 175; Western Reserve Academy v. Board of Tax Appeals, 153 Oh St 133, 135. The view of the Supreme Court of Ohio as to this question is apparently in line with that of the higher courts of the several States of the Union. Touching this question the following is stated in Corpus Juris:

"Where the exemption is determined rather by the use which is made of the property than by its nature, as in the case of exemptions in aid of * * * charitable * * * institutions, * * *, mere intention, at some indefinite time, to devote the property to uses which would render it exempt, will not preclude its taxation in the meantime, unless the statute makes a bona fide intention the basis for a present exemption in particular cases." (61 C. J. Sec. 400, p. 400.)

In Cooley on Taxation it is said:

"An intention to use property at some uncertain time in the future,

for purposes which will render it exempt from Taxation under the laws of the state, does not preclude its taxation before actually used for the purpose warranting an exemption." (2 Cooley on Taxation, 4th Ed. Sec. 687.)

The witnesses who were called by the applicant on the hearing of this case before the Board were unable to give the Board any information as to when a building would be erected on the above described parcel of land for the purpose of a Young Mens Christian Association branch at this location. It seems that the construction of this building awaits the accumulation of sufficient·funds for the erection of buildings for this purpose at this and other locations in the city. In this situation, and in view of the further fact that "use" is not normally predicated of and with respect to vacant lots or parcels of land, **In re Applications of University of Cincinnati, 153 Oh St 142, 146,** it would seem to follow. under the authorities above noted, that this Board would be without authority to exempt the above described parcels of land from taxation for the tax year 1959 or to remit the taxes thereon for the tax year 1958.

However, in the consideration of this application for tax exemption and tax remission on the facts here presented, the Board is required to take cognizance of the recent decision of the Supreme Court in the case of **Carney, aud. v. Cleveland City School District Public Library, 169 Oh St 65.** The first paragraph of the syllabus in the decision of this case as reported is as follows:

"Where an entity, which under the law is entitled to have its property exempted from taxation, acquires real property with the intention of devoting it to a use exempting it from taxation, such property is entitled to be exempted from taxation, as long as it is not devoted to non-exempt or commercial use, even though actual physical use of the property for the exempt purpose has not yet begun. (**Orthodox Hebrew Board of Education v. Tax Commissioner, 155 Oh St 380,** overruled.)"

In appraising the language of this syllabus in determining its application, if any, to the facts of this case, we note that Rule VI of the Supreme Court provides:

"In each cause a syllabus of the points decided by the Court shall be stated in writing by the Judge assigned to prepare the opinion of the Court. Such syllabus shall be confined to the points of law arising from the facts of the cause as determined by the Court."

Inasmuch as this Rule, in providing for the preparation of a syllabus on the points of law decided by the court in the particular cause submitted to it, states that such syllabus "shall be confined to the points of law arising from the facts of the cause as determined by the Court," the Rule is, in itself, a limitation on the authority of the syllabus in other cases where the facts may be essentially different. And in this view the Supreme Court has held:

"The syllabus of a decision of the Supreme Court of Ohio definitely states the law of Ohio with reference to the facts upon which it is predicated, and must be read in view of the facts found in such case." **The Baltimore & Ohio Rd. Co. v. Baillie et al, 112 Oh St 567:**

"The syllabus of a decision of the Supreme Court of Ohio states the law of Ohio, but such pronouncement must be interpreted with reference

to the facts upon which it is predicated and the questions presented to and considered by the Court." The Williamson Heater Co. v. Radich et al, 128 Oh St 124; Leube v. Prudential Ins. Co., 147 Oh St 450, 456; State v. Nickels, 159 Oh St 353, 359.

And in this connection, it has been said that the syllabus in the case "cannot be construed any broader than the facts of the case would warrant." Ginn, Admr. v. Dolan, 81 Oh St 121, 129; The Williamson Heater Co., v. Radich, supra. In the case of McGilvery v. Shadel, 87 Oh Ap 345, 351, the court said:

"It is pertinent to this discussion to call attention to the established rule in Ohio that the syllabus of a case decided by the Supreme Court of Ohio states the law of that particular case. This rule was adopted in 1858. 5 Oh St v; 94 Oh St ix, and reporter's note.

"It may be observed further that the rule of law stated in the syllabus of a case decided by the Supreme Court, or where reliance is placed on language found in the court's opinion, the law thus announced may not be subsequently applied and construed beyond the area limited by the particular facts in each case."

In the case of Carney, Aud. v. Cleveland City School District Public Library, supra, the question involved was as to the exemption from taxation for the tax year 1958 of a parcel of land and a building thereon which had been formerly occupied and used in the publication of a newspaper. The property was acquired by the Cleveland City School District Public Library on December 23, 1957, for the purpose of an expansion of the library. However, there were numerous structural changes and alterations in the building necessary before it would be ready for library use. It appeared that, although the Cleveland City School District Public Library was the owner of this property on tax lien day in the year 1958, it had not started the alterations thereon and was not actually using the building as a library facility on that day. The court held that inasmuch as the public library owned and held this property on tax lien day for public library purposes, and for no other purpose, the same was entitled to exemption from taxation for the tax year 1958 although, as above stated, the propery was not then being actually used for library purposes.

Consistently with the above noted rules relating to the construction to be placed upon a decision of the Supreme Court as indicated by its syllabus in the case, and limiting the authority of the principle of law therein stated in other cases where the facts of the case may be essentially different, the principle of law stated in the syllabus in the Cleveland City School District Public Library case, supra, applies in like cases with respect to the exemption of public property to be used for public purposes under the provisions of §5709.08 R. C. City of Cleveland v. Carney, Aud., 169 Oh St 259. And this is true notwithstanding the long recognized view of the courts that exemption from taxation extends to only such public property as is actually used and employed for public purposes at the time the exemption of such property is sought. City of Cincinnati v. Lewis, Aud., 66 Oh St 49, 55, 56; Columbus Metropolitan Housing Authority v. Thatcher, Aud., 140 Oh St 38; Pfeiffer et al, Trustees of Akron Public Library v. Jenkins et al, Board of Tax Appeals, 141 Oh

St 66, 69; American Committee of Rabbinical College v. Board of Tax Appeals, 148 Oh St 654.

However, we are of the view that there is an obvious difference with respect to a question such as that here presented between property that is owned by the public and that which is privately owned and held. This fact is recognized by the court in its opinion in the case of Board of Education of City School District of City of Cincinnati v. Board of Tax Appeals, 149 Oh St 564, 568, wherein it is said:

"In the opinion of this court, a distinction must be made in the exemption of private property which is ultimately used for a charitable purpose and property purchased by public authorities for a public purpose and being prepared to serve the public use."

Moreover, it is noted that in the case of Burton, Inc. v. Durkee, 162 Oh St 433, the court held that Rule VI of the Supreme Court which provides for the preparation of the syllabus on the decision of a case by that court, does not "substitute the syllabus for the court's order or judgment, from which must be determined the issues decided by the court." The only judgment rendered by the court in the case of Carney, Aud. v. Cleveland City School District Public Library, supra, was one affirming an order of the Board of Tax Appeals which exempted for the tax year 1958 a publicly owned parcel of land and building thereon, on the facts of that particular case; and that was the only issue decided by either the Board of Tax Appeals or by the court. In conclusion we further note that in the case of Young Women's Christian Association v. Spencer, Treasurer, 9 C. C. (N. S.) 351, the court held that the rule that statutes exempting property from- taxation should be strictly construed did not permit the exemption of a vacant lot, owned by the plaintiff as a charitable instituion and upon which it was proposed to erect a building to be used for charitable purposes, notwithstanding the fact that the lot, as well as the building thereon, would be exempt from taxation as soon as such building had been erected. Although the decision of the court in this case was on the construction of statutory provisions somewhat different from those of §5709.12 R. C., above noted, 'there is much in the opinion of the court in this case that is applicable in the consideration of the case now before this Board. In the opinion of the court in the case above cited it is said:

"It is admitted, however, that statutes exempting from taxation should be strictly construed, and, if we consider the frauds upon the public revenue which might result from exempting vacant property from taxation because of an intention existing only in the owner's mind in regard to the ultimate use and occupation of such land, for purposes of purely public charity, it is sufficient reason for refusing to relax the rule of strict construction in this case. Indeed, it would require a very liberal construction of the statute to extend the exemption to unoccupied and unused lands.

"The provisions of the law are very explicit and we can not assume that they mean more than such words ordinarily signify."

Inasmuch as prior decisions of the Supreme Court apparently limit the broad-language of the syllabus in the case of Carney, Aud. v. Cleveland City School District Public Library, supra, and the decision of the

court in that case to the exemption from taxation of public property in like cases, it would seem to follow that as to privately owned lots or parcels of land of a charitable institution, such lots or parcels of land, under decisions of the Supreme Court and other authorities above noted, are not exempt from taxation until by the erection of buildings thereon, or otherwise, they are presently and exclusively used for charitable purposes. And upon the considerations above noted and discussed it is by the Board of Tax Appeals ordered and directed that the application filed herein for the exemption of the above described parcel of land for the tax year 1959 and for the remission of taxes thereon for the tax year 1958 be, and the same hereby is, denied.

I hereby certify the foregoing to be a true and correct copy of the action of the Board of Tax Appeals of the Department of Taxation this day taken with respect to the above matter.

Ronald R. Calhoun,

SECRETARY